# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DEON ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV423-257 |
| | ) |
| TAKE 5 OIL CHANGE, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND REPORT AND RECOMMENDATION

*Pro se* plaintiff Deon Allen has filed a Complaint alleging that he was discriminated against by Take 5 Oil Change ("Take 5") and two managerial employees, "Terry" and "Oliver,"[1] based on his race and color. *See generally* doc. 1. He has also moved to proceed *in forma pauperis*. *See* doc. 2. Although his financial disclosures are not entirely clear,[2] it

---

[1] The EEOC Charge attached to Plaintiff's Complaint clarifies that "Terry" and "Oliver" are the employees' first names and that Allen does not know their surnames. *See* doc. 1 at 7.

[2] Alen discloses that he receives "unemployment payments," apparently in the amount of $800.00 per month. *See* doc. 2 at 2. He states that, despite being employed as recently as July 2023, he has no funds in his checking account and $500.00 in cash. *Id.* He discloses that he owns a vehicle. *Id.* at 3. Finally, he discloses no monthly expenses because he is homeless. *Id.* at 4. Despite that allegation, he has listed a residence address in Savannah, Georgia in his Complaint. *See* doc. 1 at 1. While the $800.00 in monthly income, without any expenses, might be sufficient to pay the Court's filing fee, the Court is skeptical that Allen incurs no expenses, for example for food, despite his alleged homelessness. Given the totality of his financial disclosures, therefore, the Court is satisfied that authorization to proceed *in forma*

appears that he lacks the funds to pay the Court's filing fee.  Accordingly, his Motion is **GRANTED**.  Doc. 2.  The Court, therefore, proceeds to screen his Complaint.  *See* 28 U.S.C. § 1915(e).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  *Wilkerson v. H & S, Inc.*, 366 F. App'x 49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)).  To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement'

---

*pauperis* is appropriate.  *Cf. Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) ("[P]ermission to . . . proceed [*in forma pauperis*] is committed to the sound discretion of the court.").

possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Allen's factual allegations are straightforward. He alleges that he was late to work on June 27, 2023. *See* doc. 1 at 4-5. His manager—identified as "Terry," "attempted to give [him] a write up . . . ." *Id.* He disputes whether such discipline was appropriate because he informed "everyone" that he would be late. *Id.* at 5. He alleges that other, unidentified, "employees of the same race / color as Terry[ ] come in late and he does not write them up." *Id.* Allen "refused to sign the write up," and his employment was terminated. *Id.* "Oliver," who he alleges is a "District Manager," witnessed the incident. *See id.* at 2, 5. He alleges that he filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on August 22, 2023[3] and received a Notice of Right to Sue on the same day. *Id.* at 5. He seeks monetary damages. *Id.*

---

[3] He has attached a copy of the EEOC charge to his Complaint. *See* doc. 1 at 7-8. However, the attached charge is dated August 14, 2023. *Id.* at 7. No right-to-sue letter was attached. *See generally id.* The Court considers the contents of the EEOC charge in evaluating Allen's claims. Although screening does not normally consider materials outside of the Complaint itself, "[i]n discrimination cases, the EEOC charge is a document courts routinely consider when ruling on motions to dismiss . . . ." *Chesnut v. Ethan Allen Retail, Inc.*, 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) (collecting cases).

3

Before the Court considers whether Allen has stated a Title VII claim, to the extent that he asserts such a claim against the individual managers, "Terry" and "Oliver," those claims should be dismissed. Title VII does not provide for individual liability at all. *See, e.g., Udoinyion v. The Guardian Security*, 440 F. App'x 731, 734 (11th Cir. 2011) (affirming dismissal of individual defendants "because both Title VII and the ADA require that suits be brought only against employer-entities, not persons in their individual capacities."). Accordingly, Allen's claims against "Terry" and "Oliver" should be **DISMISSED**.

Title VII prohibits discrimination in employment decisions on the basis of "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). To plead a prima facie case of racial discrimination, a plaintiff must allege facts showing: (1) he belongs to a protected class; (2) he was qualified to do a job; (3) he was subjected to an adverse employment action; and (4) his employer treated similarly situated employees outside of his class more favorably. *See Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008); *see also Hudson v. Middle Flint Behavioral Healthcare*, 522 F. App'x 594, 596 (11th Cir. 2013) ("In order to establish a *prima facie* case for discriminatory termination under Title VII . . . the plaintiff may

show that he (1) was a member of a protected class, (2) was qualified for the job, (3) suffered an adverse employment action, and (4) was replaced by someone outside the protected class[,]" or "that her employer treated similarly situated employees outside of her class more favorably."). Although Allen's allegations are not absolutely clear, the Court is satisfied that, for screening purposes only, he has sufficiently pleaded a Title VII claim.

"[T]ermination from employment clearly constitutes a materially adverse action . . . ." *Locascio v. BBDO Atlanta, Inc.*, 56 F. Supp. 3d 1356, 1370 (N.D. Ga. 2014) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). Moreover, Allen's EEOC Charge's specification that his race is "white, black, mixed," doc. 1 at 7, is sufficient, for screening purposes, to allege that he belongs to a protected class,[4] *see, e.g., Perry v. AutoZoners, LLC*, 948 F. Supp. 2d 778, 786-87 (W.D. Ky. 2013) ("[U]nder Title VII, mixed-race individuals are protected," and collecting cases). He also alleges that other similarly situated employees,

---

[4] Because Allen has sufficiently pleaded that he is a member of a protected class based upon his race, the Court does not consider whether his allegation of color discrimination is sufficient. *See* doc. 1 at 4; *see also id.* at 7 (alleging he was "discriminated against because of [his] . . . color (tan) . . . ."). Any insufficiencies in that claim may be asserted by Defendant upon service.

5

who his EEOC charge clarifies are "white," were not disciplined for lateness. *See* doc. 1 at 5, 7. He does not explicitly allege that he was qualified for the position he held, but, for screening purposes and given the liberal construction afforded to *pro se* pleadings, the Court can infer his qualification from the fact that he held the position for approximately two months. *See* doc. 1 at 4-5. Accordingly, his Complaint is sufficient for service upon Defendant Take 5.

Since Allen has been authorized to proceed *in forma pauperis*, he is entitled to service by the United States Marshal. *See* Fed. R. Civ. P. 4(c)(3). Since the Court approves his Title VII claim for service, a summons, a copy of his Complaint, doc. 1, and this Order, shall be served by the United States Marshal upon Defendant Take 5 without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Order upon Plaintiff. In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. Some defendants have a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver might bear the costs of personal service unless good

cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a

Defendant, Plaintiff must initiate discovery. *See generally* Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page.

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order.

## ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure

9

to respond to such a motion shall indicate that there is no opposition to the motion.  Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement.  If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case.  That burden cannot be met by reliance on the conclusory allegations contained within the complaint.  If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts.  If Plaintiff fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

      This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and

Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 15th day of September, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA