# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

DEON ALLEN,                )
                               )
           Plaintiff,     )
                               )
v.                      )        CV423-257
                               )
TAKE 5 OIL CHANGE, *et. al.*,   )
                               )
          Defendants.   )

## REPORT AND RECOMMENDATION

The Court previously approved *pro se* plaintiff Deon Allen's employment discrimination claim for service. *See* doc. 5. After correspondence from the Clerk of Court was returned by the United States Post Office as undeliverable, the District Judge directed Allen to provide an updated address. *See* doc. 9 at 2. His deadline to respond to that Order was October 27, 2023. *Id.* The District Judge expressly warned Allen that failure to provide a valid address would result in dismissal. *Id.* He has not responded. *See generally* docket. Because Allen has failed to comply with the Court's Local Rules, failed to comply with the District Judge's Order, and failed to prosecute this case, it should be **DISMISSED**.

1

This Court has the authority to prune cases from its docket where parties have failed to comply with its Orders. *See* S.D. Ga. L.R. 41.1(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). The Federal Rules provide that "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order," an action may be dismissed. Fed. R. Civ. P. 41(b). "A district court may sua sponte dismiss an action under Federal Rule of Civil Procedure 41(b) for the plaintiff's failure to comply with a court order." *Royster v. Darling*, 195 F. App'x 537, 538 (8th Cir. 2006). "Dismissal pursuant to Rule 41(b) 'upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.'" *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006)

(quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Accordingly, Allen's Complaint should be **DISMISSED**.[1]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

---

[1] To the extent that Allen wishes to prosecute this case, the fourteen-day objections period discussed below provides him a final opportunity to provide the Court with a proper address. To the extent that he submits his response during the objections period, he must also explain why he failed to respond timely to the District Judge's Order.

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F.

App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this

20th day of November, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

4